## WILDE v. LIEDTKE.

### No. 15148.

Court of Civil Appeals of Texas. Fort Worth.

June 23, 1950.

L. V. Henry, Jr., of Gainesville, for appellant.

Ray Winder, of Gainesville, for appellee.

HALL, Justice.

Appellee Elmore Liedtke sued appellant J. B. Wilde in the district court of Cooke County, Texas, to recover the sum of $825 paid by Liedtke to Wilde for an automobile which did not have a good and perfect title.

Trial was to the court which rendered judgment in favor of appellee Liedtke against appellant Wilde for said sum.

Appellant's appeal consists of three points, which are as follows:

"First Point. It appearing from the plaintiff's pleading and evidence that his purchase of said automobile from defendant was made with actual knowledge on his part that at the time of his purchase, said defendant had a foreign title thereto and had not registered the car in Texas and secured a Texas Certificate of Title thereto as required by the Texas Certificate of Title Act, Art. 1436—1, Vernons Ann.Penal Code, rendering the transaction illegal and void, the court erred in rendering judgment for plaintiff.

"Second Point. The court erred in rendering judgment for plaintiff and not leaving the parties where they had placed themselves because the undisputed facts show that both parties entered into an illegal transaction, and are in pari delicto.

"Third Point. As there was no contention that defendant was not the owner of the equitable, if not the legal title, to said automobile and motor sold to plaintiff, and offered to and did perfect the record title thereto, the court erred in not construing said transaction to be a contract to sell, which defendant had and did fully perform, and rendering judgment for defendant."

Facts most favorable to the judgment are substantially as follows:

Both appellant and appellee were in the used car business in Cooke County, Texas; on or about September 21, 1949, appellee purchased a 1946 Chevrolet four door sedan from appellant at a cash price of $825. Appellant delivered to appellee the automobile, together with a state of New Mexico title. Appellee testified appellant guaranteed that he would not have any trouble with the title; that appellant knew appellee was buying the automobile for resale purposes only; that he accepted the New Mexico title in good faith and he would not have purchased the same and accepted such title if it had not been for appellant's guarantee that the title was good. After accepting the car he was informed there had been replaced in the automobile a 1942 motor. That appellee later undertook to sell the car to one of his customers but could not complete the deal because the purchaser refused to accept the title, and after checking with the State Highway Department appellee was informed it would be impossible to secure a title within a reasonable time, due to difference in the motor number and the motor number shown in the title. That the car had depreciated in value since the day he purchased it.

In order to seek a reversal of this case, appellant advances the theory that the transaction between him and appellee was void under Articles 1434, 1435 and 1436—1, Vernon's Ann. Penal Code, therefore the court should have left them in the same place where it found them; appellee having known, or by law should have known, the transaction was illegal and that the parties were in pari delicto.

As we view appellee's pleadings, the evidence and the trial court's judgment, the case is bottomed upon rescission of a contract for failure to comply with warranties which appellant made to appellee at the time of sale. The testimony is sufficient to support the trial court's judgment and the only question before us is as to whether appellant's theory is correct, that is, was the transaction between him and appellee void under Section 53 of the Certificate of Title Act, Vernon's Penal Code, Article 1436—1, which reads as follows: "All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with."

Under Rule 94, Texas Rules of Civil Procedure, the burden was on appellant to not only plead but also prove illegality of the contract. See Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W.2d 584, writ refused; Federal Underwriters Exchange v. Craighead, Tex. Civ.App., 168 S.W.2d 699, writ refused, w. m.

We have carefully reviewed the entire record in this case and do not find that appellant has proved as a matter of law that the transaction between him and appellee was void under section 53 of said Act. Both parties admit that appellant delivered to appellee, when the sale was consummated, certain papers purporting to be a New Mexico title to the automobile. Such papers and title are not in evidence and the testimony is meager as to their contents, most of such testimony contains mere conclusions of both witnesses. Appellee testified in substance that if the motor had not been changed he would have had no difficulty in obtaining title to the car. Appellant admitted he replaced the 1946 motor in the car with a 1942 motor. Appellee testified that the papers which appellant gave him showed the 1946 motor number, hence it was impossible for him to secure a certificate of title without first having title to the 1942 motor number cleared as between the prior owners of said 1942 motor and the

State Highway Department, who issues the certificates of title.

The facts in this case are unlike the facts in the case of Reeb v. Danley, Tex. Civ.App., 221 S.W.2d 579, in that, in the case cited, the purchaser of a motor vehicle drove it some nine or ten months after he knew the title was bad before returning same to the seller, whereas the facts in the instant case show appellee returned the car to appellant, the seller, immediately upon finding out that he had given him a title which was fatal because of appellant's having sold him a car with a motor number that did not correspond with the motor number in the title; under such facts we find appellee had a cause of action for rescission of the contract.

Appellant contends under his third point that since he tendered into court, on the day of trial, title to the automobile in question, that the trial court erred in granting appellee judgment. We note the car was sold to appellee in September, 1949, and the case was tried on February 3, 1950. We find the court did not err in rescinding the contract under the state of facts shown in the record.

All points of error being overruled, judgment of the trial court is affirmed.