## DAVIS v. GONZALES.
### No. 15194.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 1, 1950.

Mays & Mays and Dave Miller, all of Fort Worth, for appellant.

Kelly & Morris, of Fort Worth, for appellee.

222

HALL, Justice.

Appellee John D. Gonzales sued appellant F. M. Davis to recover the sum of $830 he paid to him for an automobile, which was stolen property.

Judgment was rendered for appellee and appellant's appeal submits six points of error, which are in substance, that the trial court erred in granting appellee judgment for the amount of money appellant received from appellee for purchase of the automobile, because the transaction was against public policy, contrary to the penal laws of the state, null and void; therefore the court should have left both parties in the same position where it found them. The reasons given are because appellee knew that appellant (the seller) did not have possession of a certificate of title when he purchased the automobile, neither did he have such vehicle transferred to him upon a form provided by the Highway Department. If the court had authority to act at all, the appellant being merely an agent of the alleged owner of the car and having acted in good faith in a sale as such agent, it erred in rendering judgment against said agent. The fifth point consists of adjusting equities between the parties because of appellee's having used and operated the car for approximately one year upon the highways. The sixth point contends appellee is estopped from seeking to annul the contract after having used the car a year.

The case was tried upon an agreed statement of facts, which contains, among other things, the following: One S. C. Carter owed appellant money. Carter left the car in question for appellant F. M. Davis to sell in order that Davis might receive his money Carter owed him. Appellant Davis then sold said car to appellee Gonzales for the sum of $850, $20 having been retained by appellee until title was delivered to him, but he did take possession of the car; in this connection appellant signed and delivered to appellee the following instrument:

"I do not have title to car, will furnish good title.

(Signed) F. M. Davis

"I do hereby agree if anything should come up about the title in any way, will take care of any and all expense, make the title O. K. with Gonzales and State of Texas.

(Signed) F. M. Davis."

It was discovered about a year later that said car was stolen, which fact was unknown to Carter, appellant Davis and appellee Gonzales. The stolen car was taken from the possession of appellee and he is here seeking return of his money. At the time appellee paid appellant said sum of money, he knew appellant did not have in his possession a proper certificate of title covering such vehicle. He also knew appellant was not the owner of said car; he did not request a certificate of title transferring said car to him. It was further agreed the parties were not engaged in the secondhand automobile business. Due to the fact that such car was a stolen one, appellant could not deliver certificate of title to appellee as warranted by him.

In appellant's first few points he relies upon section 53 of Article 1436—1, Penal Code, the substance of which makes all sales by reason of such Act null and void and preventing title from passing until provisions of such Act have been complied with. He states the purpose of such Act, as declared by the Legislature, was to lessen and prevent theft of motor vehicles; both parties having violated a criminal statute, as set out under section 62 of the above article, he contends the contract between them became nonactionable, and cites for authority Reeb v. Danley, Tex.Civ.App., 221 S.W.2d 579; Giles v. Lehman, Tex.Civ. App., 163 S.W.2d 720; Elder Chevrolet Company v. Bailey County Motor Co., Tex. Civ.App., 151 S.W.2d 938; Associates Investment Co. v. National City Bank of Waco, Tex.Civ.App., 231 S.W.2d 661.

We find the above cases are not controlling in the instant case where the parties were dealing unknowingly with stolen property. We do not believe the law, as set out in the cases cited or the above cited statute, abrogates the general law of restitution, that is, where one sells stolen property having no title to same he therefore cannot pass good title, and in such situation the purchaser has a right to recover the purchase price.

It is true as argued by appellant that the basic principle as set out in the Certificate of Title Act was to curb the sale of stolen automobiles, but we are not willing to lay down as a principle of law that a person (even though innocent) may sell stolen property which is a fraudulent transaction and keep the purchase price paid by an innocent purchaser, thereby enhancing his worldly wealth in an illegal transaction at the expense of his fellowman. This in our opinion would be against public policy and would enhance the sale of stolen property in this state, for it is usually difficult to prove that a person knowingly possesses stolen property for the purpose of sale.

■ It is stated in 29 Tex.Jur., p. 736, sec. 5, under Money Received, " * * * And as a general rule the action will lie to recover money paid under a mistake of fact, it being considered unconscionable that money so paid should be detained from the payor. ' * * *"

■ In 37 Tex.Jur., p. 570, sec. 256, it is stated: "While recovery of the purchase price of the goods sold is a form of relief that is usually vouchsafed on a rescission (sec. 245), there are situations in which a buyer of goods may procure the return of what he has paid without seeking a recission. Thus where the seller has failed to make any delivery of the goods, or where he has delivered goods to which he has no title * * * the buyer has a cause of action."

We consider that appellant and appellee were undertaking to deal fairly with each other, and as stated in 32 Tex.Jur., p. 735, sec. 52,

"It is a general rule that money paid under a mistake of fact—that is, an unconscious ignorance or forgetfulness of a fact—may be recovered. * * * The reason for the rule is that the payee ought not to be permitted to retain that which in conscience does not belong to him as against the person to whom in conscience it does belong.

■ "The mere fact that the mistake was due to negligence on the part of the person who made the payment will not preclude a recovery. * * *" See 46 Am.

Jur., p. 99, Restitution and Unjust Enrichment.

■■ Appellant in selling stolen property to appellee committed a legal fraud upon appellee and the law of fraud is applicable in this case. Appellee made demand upon appellant as soon as he had knowledge of such fraudulent act, thus preventing the rule of estoppel from applying as a matter of law.

■ Appellant having no title to the automobile has not lost anything of value by reason of appellee's having used said automobile during the time before he discovered the fraud and no cause of action therefore would lie for this use as between appellant and appellee.

■■ In response to appellant's appeal that the transaction was founded as between him and appellee under section 53 of the Certificate of Title Act, Penal Code, Article 1436—1, which reads as follows: "All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with", we find the transaction between the parties was one to purchase an automobile rather than a completed transaction. Both parties understood the title was to pass in the future, at which time balance of the purchase price was to be paid, and therefore the case comes under the rule announced in the case of Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ. App., 151 S.W.2d 938, 942, wherein the court, among other things, stated: "In our opinion the Certificate of Title Act does not attempt to regulate a contract to sell a motor vehicle. It is the execution of the contract to sell after same is made that is regulated."

■ It is a matter of fact uniformly known that very few people receive a certificate of title from the seller immediately upon contracting to purchase an automobile. See McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144, 146. See also the case of Wilde v. Liedtke, Tex.Civ.App., 231 S.W. 2d 1009.

Finding no error, the judgment of the trial court is affirmed.