Charles Oliver WILLIAMSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17652.

United States Court of Appeals Fifth Circuit.

Dec. 4, 1959.

Rehearing Denied Jan. 12, 1960.

Albert A. Roberts, East Point, Ga., for appellant.

J. Robert Sparks, Asst. U. S. Atty., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This is an appeal from a judgment of conviction on an indictment charging conspiracy to violate, and substantive violations, of the Dyer Act, 18 U.S.C.A. §§ 2312, 2313. The appellant, Charles Oliver Williamson, was charged on twenty-two counts, on two of which he was acquitted. Nine stolen cars were involved. Three alleged accomplices testified against Williamson. The trial was lengthy, lasting four days. Appellant was sentenced to a total of eight years in the custody of the Attorney General, four years on the conspiracy count and four years on each of the eighteen substantive counts, the sentences on the substantive counts to run concurrently after the sentence on the conspiracy count.

Five grounds of error are alleged, each of which the Court finds to be without merit.

1. Appellant contends that the trial court erred in admitting copies of automobile registration records from Tennessee, Georgia, North Carolina, and Texas when the government made no showing that the original documents were not available. The largest group of these records were produced by their custodian, Miss Inez Kinney, of the Motor Vehicle License Unit, State of Georgia Revenue Department. She testified that the originals were attached to the photostatic copies. Counsel for the United States stated that the originals were available for inspection and comparison by the defendant's counsel; that he wished to substitute the copies for the originals which must be retained by the State of Georgia. The trial judge then

inquired as to whether there was any objection to that procedure. Defense counsel stated that he had no objection. One registration record was offered from Tennessee. As to this record, Mr. Frank Fleming, Supervisor of Titles for Automobiles for Tennessee, testified that the document in question was an official document made in the ordinary course of business of the State of Tennessee, and was the only official record of the registration of the automobile in question; Tennessee retaining the photostat for the official files and delivering the original document to the car owner. The North Carolina record was a photostat taken from permanent title records kept on microfilm. Mr. A. M. Gilbert, Director of the License and Theft Bureau of Motor Vehicles and the custodian of the North Carolina records, stated that it was prepared from microfilm in his presence. There were two Texas automobile registrations offered in evidence. Mr. Bart Couch, Chief of Titles, Motor Vehicles, Texas Highway Department, the custodian, testified that Texas has no originals from which the photostats were made; that in Texas the original documents are destroyed and the microfilm copies made under his supervision are considered the official records of the State of Texas. Defense counsel did not even cross-examine Mr. Couch.

In these circumstances the government fully complied with the best evidence rule. Each exhibit was properly identified and there was no possibility of error in the method of identification. All of the documents would have been admissible under the Business Records Act 28 U.S.C.A. § 1732 without further identification. The defense made no attempt to dispute the authenticity of the photostats, did not move the court to direct that the original microfilm be produced for comparison (where available), and makes no attempt, even now, to contend that the title registrations were not material or relevant. Not one of the exhibits was tendered or admitted in evidence until the owner of the car, or the person in whom the car was registered, identified it personally, in most cases by signature. In these circumstances the appellant's objection borders on the frivolous.

2. Appellant contends that the trial court erred in admitting in evidence a check from the Weekley Motor Company and certain other records kept by that company. The check and records are original records made in the usual course of business and are unquestionably admissible.

3. The appellant contends that the trial court erred in refusing to require an FBI agent to reveal the exact place on a particular stolen automobile where he found the confidential serial number. He contends that this deprived him of his right of cross-examination and that therefore the Government must make an election between divulging the place of the confidential serial number and dismissing the indictment. In the first place the court agreed in part with the appellant's contention. While not requiring the witness to reveal the exact location, the court did direct the agent to "give in general terms where he found the confidential number". The witness then testified that the confidential number "was on the frame of the automobile" and that "there is a book that gives the location of these numbers". The defense counsel made no further objections and proceeded with the cross-examination with very few questions addressed to the subject of the location of the confidential number. At no time has the appellant disputed the fact that the car in question was a car alleged to have been stolen by the defendant. Further, there is nothing to indicate that the location of the serial number would be material or that by inspection and discovery of the number or the location the testimony of the agent might be impeached. Confining ourselves closely to the facts of this case, we are of the opinion that no prejudice resulted to the appellant through the motion of the trial court. United States v. McCurry, D.C.Pa.1956, 146 F.Supp. 109, at page 111, affirmed 3 Cir., 248 F.2d 116; United States v. Wheeler,

7 Cir., 1955, 219 F.2d 773, at 775, certiorari denied 349 U.S. 944, 75 S.Ct. 872, 99 L.Ed. 1271.

■ 4. The appellant contends that the trial court erred in refusing to dismiss the indictment because of the failure of the government to give the defense a written summary of an oral interview with a government witness. FBI agent John Cook interviewed briefly Glenn McGiboney, who bought one of the stolen cars from the appellant. The agent did not take a written statement from McGiboney but he did make a written summary of the oral interview. Both the agent and McGiboney testified but the agent, Cook, did not testify to anything about an interview with McGiboney on his direct examination. In fact, Cook did not mention McGiboney's name on direct examination. The Jenks statute, 18 U.S.C.A. § 3500, requires the government to produce statements relating only "to the subject matter as to which the witness has testified". Rosenberg v. United States, 1959, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304; DeFreese v. United States, 5 Cir., 1959, 270 F.2d 730. After the government rested its case and the defense put on its case, counsel for the appellant moved for a judgment of acquittal. He advised the court that "to the best of my recollection the court instructed the District Attorney to secure that document". Counsel for the government stated for the record that "counsel for the defendant did not ask for it in any manner or shape" although he had talked with him in the hall several times, chatted with him, and seen him at recesses. The record shows no clear request for the statement and no clear ruling by the court. In any event, however, government counsel stated that he had the report in court and suggested that FBI agent Cook be recalled. The trial judge stated that he did not recall the occurrence as it was related by counsel. Nevertheless the trial judge offered to reopen the case and give the appellant "the benefit of the statement and if you wish to examine those witnesses about it I will permit you to do so now". In these circumstances there is no merit to the alleged objection.

■ 5. Finally, appellant argues that the evidence was not sufficient to support the verdict. A careful study of the record shows that the evidence against appellant is overwhelming. The direct testimony alone points clearly to the appellant as the leader in an active interstate ring of car thieves.

The judgment is
Affirmed.