**E. M. HERRERA, Appellant,**

v.

**Delbert GIBBS, Appellee.**

**No. 6328.**

Court of Civil Appeals of Texas, El Paso.

Sept. 19, 1973.

Owen, Brewster, Steinberger & Company, Jack L. Brewster, El Paso, for appellant.

John H. Whitaker, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a suit to recover damages for conversion of two trucks. The Appellee alleged that he purchased one 1958 and one 1959 International diesel truck tractors, after examination of the vehicles which were located on the lot of Best Auto Sales in El Paso. He further alleged that he received the titles to the trucks and after arranging for their delivery to him in Abilene, that the vehicles could not be located. He also alleged that the vehicles were subsequently located on the Appellant's wrecking lot, where they were being scrapped and sold as salvage. Recovery was sought for actual damages, based upon the reasonable market value of the trucks and also for exemplary damages for alleged fraudulent, willful and malicious acts of the Appellant.

The jury found that the Appellant did take and convert to his own use the two trucks and that each one had a reasonable

market value of $2,000.00. The jury also found that Appellant's conduct was not willful and malicious and made no award of exemplary damages. The trial Court's judgment based on this verdict is affirmed.

Only two witnesses testified at the trial of the case. The Appellee, Delbert Gibbs, testified that he discussed a deal with Mr. James Van Huss to purchase five trucks and that initially three of them were delivered to Mr. Gibbs in Abilene, along with the titles to those three trucks. He then came to El Paso and inspected the other two trucks and agreed to take them also and consummated the sale, received the titles to the other two trucks, and transferred certain property, both vehicles and real estate, to Mr. Van Huss as part of the consideration for the sale. He said certificates of title to these two trucks matched with the numbers on the vehicles at the time he inspected them. The two certificates of title were received in evidence.

When Mr. Gibbs sent over to get the trucks, they were gone. The trucks were subsequently located at B & B Auto Salvage, the Appellant's place of business, where they were being salvaged.

Mr. Herrera testified that he bought sixteen trucks from Alamo Express Company in San Antonio. He said Mr. Van Huss located the trucks before he bought them, and Mr. Van Huss wanted to help him sell them so as to be able to make a little money for himself. This was agreeable to Mr. Herrera. After the trucks arrived in El Paso, Mr. Van Huss took them to body shops to have them repaired and cleaned up. Mr. Herrera testified the open truck titles were drafted in on his bank, and after payment of the drafts, the titles were delivered to him. Concerning the sales made by Mr. Van Huss, he said:

"Q Then what did you do with the titles?

A Took them down to my office.

Q All right. And then what did you do with them?

A Well, when he told me he had the trucks sold and needed the title to go get the money, I just let him have the titles.

\* \* \* \* \* \*

Q So when he would come and tell you he had a buyer, you would give him the title and he would go get the money, is that right?

A Yes, sir.

Q You gave him the titles so he could give the title to the buyer, so the buyer would give him the money, didn't you?

A Yes, sir.

\* \* \* \* \* \*

Q He could sell them for whatever he wanted to as long as it was a little bit more than what you paid for them?

A Yes."

Mr. Herrera also testified that he had in his possession the 1958 International diesel truck tractor to which Mr. Gibbs had the certificate of title. In reply to request for admissions, he answered that he also had in his possession a 1959 International truck tractor, but was unable to ascertain the permanent identification number.

He said he picked up two trucks off a vacant lot after Mr. Van Huss' wife told him she didn't think they were sold. Concerning the number of trucks which were sold, he said:

"Q Actually, how many of the trucks did Mr. Van Huss sell or get rid of?

A 5 of them.

Q 5. Are you counting the two that are made the basis of this lawsuit?

A Yes, sir.

Q So, if Mr. Gibbs brought the 5, counting these two, then everyone

you sold was to Mr. Gibbs, is that right?

A I don't know who he sold them to. I mean, really, I don't know."

Concerning transfer of title he said:

"Question: 'Now, you gave these titles to Mr. Van Huss, you were authorizing him to complete the sale to the person he allegedly had sold it to and get the money and bring it to you, weren't you?'

Answer: 'Yes.'

And question: 'And that was your intention at the time?'

Answer: 'Yes.'"

He testified he never was paid for these two trucks involved in this suit.

■ Appellant's first point of error complains of the failure of the trial Court to sustain an objection to a question wherein Appellee's counsel asked Mr. Herrera if, with his money, $16,000.00 (the approximate amount paid for all of the trucks) wasn't important to him. The witness made no response to this question, and when subsequently asked about it being important to keep up with all sixteen trucks, he said it was important to him. Although the question may have been improper, no answer was made and the witness did, very shortly thereafter, indicate that his investment in the trucks was important. There was no objection on the ground that the question suggested to the jury that they should decide the case on the basis of the wealth and means of the parties. And in view of the jury findings that the trucks had a market value substantially less than that testified to by the Appellee, and that Appellant's conduct was not willful and malicious, the question alone does not appear to have prejudiced the jury or to have caused the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

The Appellant's next group of points of error are directed to the submission of two special issues relating to the conversion of

each truck, the proof concerning such issues, and the trial Court's failure to disregard the jury's answers. Appellant contends that there could be no conversion of the trucks because there was no pleading, no proof, and no jury finding that Mr. Van Huss was an agent authorized to sell the trucks for the Appellant and since he was never paid, the purported sale was void.

■ An absolute, unqualified ownership is not required to maintain an action for conversion. Cage Brothers v. Cage, 382 S.W.2d 169 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.). Certificates of title to motor vehicles are prima facie proof of title to such vehicles. Southwestern Investment Company v. The American National Bank of Amarillo, 374 S.W.2d 318 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.). The testimony from the Appellant confirmed the authority of Mr. Van Huss to make a sale and deliver possession of the vehicles. Mr. Herrera, himself, parted with possession of the certificates of title on the basis that a sale was being made. The Appellee, having previously purchased three other trucks through Mr. Van Huss, without any question as to his authority, had no reason to question that authority in the sale of these two trucks.

■ Certainly, Mr. Herrera did not question or restrict that authority when he unconditionally delivered the certificates of title with the name of the purchaser left open and blank. Under the circumstances, the Appellee was justified in believing a valid sale was made, and Appellant was estopped to assert otherwise. Jarbe Oil Company v. Birdwell & Son Drilling Company, 335 S.W.2d 394 (Tex.Civ.App.—Eastland 1960, writ ref'd n. r. e. ).

■ The Appellee having made out a prima facie case of ownership by offering the certificates of title into evidence, and the Appellant having offered no evidence to controvert that ownership, the ultimate issue was whether there was in fact a conversion of the vehicles and those were the

first two issues submitted by the trial Court to the jury for their answer. The four cases upon which the Appellant relies, Trinity Finance Corporation v. Price, 192 S.W.2d 464 (Tex.Civ.App.—Waco 1946, writ dism'd); Gregory v. Laird, 212 S.W.2d 193 (Tex.Civ.App.—Galveston 1948, no writ); Deahl v. Thomas, 224 S.W.2d 293 (Tex.Civ.App.—Amarillo 1949, writ ref'd n. r. e.), and The First National Bank in Big Spring v. Conner, 320 S.W.2d 391 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.), all are cases in which the purchaser took possession of the vehicles without ' receiving a certificate of title to evidence his ownership, and thus they are not controlling in this case.

Appellant next complains that Special Issue No. 3, which inquired as to the market value of the trucks, should have been conditionally submitted on an affirmative answer to Special Issues Nos. 1 or 2. This point is overruled.

■ Issue No. 3 inquired as to the market value of the trucks "at the time the defendant converted either or both to his own use, if you have so found?" Since the jury was told to find the market value, if they found a conversion of the trucks, there was no comment on the evidence, and the issue was, in effect, conditionally submitted. Insurance Company of Texas v. Davis, 276 S.W.2d 327 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n. r. e.); McDonald, Texas Civil Practice, Vol. 3, Sec. 12.16.1, p. 335. Had an instruction been given to answer Issue No. 3 only if one of the first two issues were answered in the affirmative, an answer would have been required and the failure to give such instruction did not affect the results and could not have been reversible error. Hodges, Special Issue Submission in Texas, Sec. 26, p. 72.

■ The Appellant objected to the testimony of the Appellee wherein he described the manner in which the sale of the trucks occurred, as being hearsay. His complaint on this ruling is denied. The answer of the witness basically deals with how the sale occurred rather than relating the conversation with Mr. Van Huss. Insofar as it relates as to what Mr. Van Huss said, it did qualify as exception to the hearsay rule, which permits declarations of a person made while in possession of the property, to explain the nature and character of his interest in the property. Nagel v. Kiibler, 212 S.W.2d 1009 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.).

■ Appellant also contends that the trial Court erred in failing to grant his motion for instructed verdict and motion to disregard the jury findings. The evidence as previously recited was sufficient to support the answers to the special issues and the point of error is overruled.

■ Complaint is also made of the failure of the trial Court to submit an instruction or issue on the Appellee's duty to mitigate his damages. The basic complaint is that after the transaction with Mr. Van Huss was completed and Appellee was unable to locate the two trucks in El Paso, he should have made an attempt to get back the property which he traded to Mr. Van Huss. This would have been an alternative remedy if Appellee had desired to rescind the sale. Instead, he chose to affirm the sale and seek the value of the two trucks, which he contended had been converted. He was under no duty to rescind the sale and seek relief from Mr. Van Huss, in order to mitigate the damages caused by Appellant's conversion. The trial Court submitted the proper measure of damages, which was the market value of the converted property at the time of the wrongful taking. Commercial Credit Corporation v. Flores, 345 S.W.2d 432 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.).

■ The Appellant also contends that the trial Court erred in submitting the exemplary damage issues to the jury. This series of issues was decided favorably to the Appellant by the failure of the jury to

find that his conduct was done willfully and maliciously. The mere submission of the issues was not reversible error, particularly in view of the answer which was favorable to the Appellant. Lewis v. Isthmian Lines, Inc., 425 S.W.2d 893 (Tex.Civ. App.—Houston (14th Dist.) 1968, no writ); Rule 434, Tex.R.Civ.P.

The judgment of the trial Court is affirmed.