**D.B. DOYLE, d/b/a Doyle Motor Company, Appellant,**

v.

**Richard L. HARBEN, Appellee.**

**No. 16925.**

Court of Appeals of Texas, San Antonio.

Oct. 26, 1983.

Rehearing Denied Nov. 21, 1983.

Daniel R. Rutherford, Michael D. Valicek, San Antonio, for appellant.

Gordon S. Morris, Kerrville, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

Appellant, D.B. Doyle, doing business as Doyle Motor Company, challenges the constitutionality of the Texas Certificate of Title Act when applied in conjunction with breach of warranty provisions of the Texas Business and Commerce Code. We do not find the challenged statutes unconstitutional, and affirm the judgment of the trial court.

The case was submitted to the trial court on stipulated facts which reveal that in July of 1979, Robert B. Hollyday offered to sell seven used Cadillacs to appellant. Hollyday returned to appellant's place of business approximately one hour later with "quick titles,"[1] and on the basis of these titles, appellant purchased all seven Cadillacs. Appellee later purchased one of the Cadillacs from appellant for a total price of $8,297.00, including tax and transfer and license fees. In November of 1979 the vehicle was confiscated by the State Department of Public Safety as a stolen vehicle, the theft occurring prior to the transactions between appellant and Hollyday. This suit was instituted by appellee following the confiscation of the automobile. The trial court granted a partial summary judgment

---

1. The "quick titles" issued to Hollyday are not included in the record before us, but are described in the Statement of Facts as documents issued by the State after an examination of the documents of title presented to the State. We are unable to determine from the record wheth-er the "quick titles" relied upon by appellant are actually receipts issued pursuant to TEX. REV.CIV.STAT.ANN. art. 6687–1, § 13 (Vernon 1977), or some other form of title authorized by section 30 of article 6687–1, *supra*.

finding as a matter of law that a breach of warranty of title had been established. By trial amendment appellant raised the constitutional issues presented in this appeal and sought indemnity against the State of Texas for its "wrongful and negligent acts." The trial court entered judgment awarding appellee actual damages and attorneys' fees, and denying all other relief requested.

By his five points of error appellant contends that when applied in conjunction with each other, one or all of the following statutes are unconstitutional: TEX.REV.CIV. STAT.ANN. art. 6687–1 (Vernon 1977 and Supp. 1982–1983); TEX.BUS. & COM. CODE ANN. §§ 2.312, 17.50, 17.50A (Vernon 1968 and Supp. 1982–1983). Appellant claims he fully complied with the Certificate of Title Act, and that because of the erroneous issuance of "quick titles" by the State Department of Highways and Public Transportation, he is now liable for a breach of warranty of title and possibly for treble damages under TEX.BUS. & COM. CODE ANN. §§ 2.312, 17.50, and 17.50A (Vernon 1968 and Supp. 1982–1983).[2] Appellant argues that the application of these statutes has deprived him of due process in violation of the United States and Texas Constitutions.

The Certificate of Title Act, article 6687–1, *supra,* was enacted for the protection of the public. *Bank of Atlanta v. Fretz,* 148 Tex. 551, 226 S.W.2d 843, 840 (1950). One of the self-declared purposes of the Act is "to lessen and prevent the theft of motor vehicles ... and the importation into this State of, and traffic in, stolen motor vehicles." TEX.REV.CIV.STAT.ANN. art. 6687–1, § 1, *supra. See Texas State Bank v. Foremost Insurance Co.,* 477 S.W.2d 652, 655 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). The purpose of the statute is to prevent fraud, and the Act is to be liberally construed to achieve this end. *Bank of Atlanta v. Fretz, supra* at 849; *South Texas Bank v. Renteria,* 523 S.W.2d

780, 785 (Tex.Civ.App.—Corpus Christi 1975, no writ). The Act provides a comprehensive scheme for the transfer of title of a motor vehicle, and the certificate of title is the primary and controlling evidence of ownership after a motor vehicle has been sold for the first time. *See Drake Insurance Co. v. King,* 606 S.W.2d 812, 815 (Tex. 1980); *Elder Chevrolet Co. v. Bailey County Motor Co.,* 151 S.W.2d 938, 941 (Tex.Civ. App.—El Paso 1941, no writ). Although a certificate of title is *prima facie* proof of ownership, the presumption of ownership may be rebutted with evidence of ownership in another. *Villa v. Alvarado State Bank,* 611 S.W.2d 483, 485 (Tex.Civ.App.— Waco 1981, no writ); *Herrera v. Gibbs,* 499 S.W.2d 912, 915 (Tex.Civ.App.—El Paso 1973, no writ). Compliance with the Act is usually essential for a valid transfer of title, *South Texas Bank v. Renteria, supra* at 785, and if the transfer of an automobile does not violate any provisions of the Act, the buyer acquires whatever interest was held by the seller. *Radcliff Finance Corp. v. City Motor Sales, Inc.,* 159 Tex. 493, 323 S.W.2d 591, 595 (1959).

In the instant case appellant was unable to transfer good title to appellee despite appellant's compliance with the Certificate of Title Act. Although appellant acted innocently, he purchased stolen vehicles and was thereby unable to acquire good title. *See Chapman Motors, Inc. v. Taylor,* 506 S.W.2d 724, 726 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). As stated by the Supreme Court of Texas,

> It appears to be a settled rule that a purchaser of property from one who has acquired possession thereof by theft, acquires no title thereto.
>
> \* \* \* \* \* \*
>
> [I]t is well settled that one in rightful possession of personal property may maintain an action for its recovery against a thief or one holding under him.

*McKinney v. Croan,* 144 Tex. 9, 188 S.W.2d 144, 146 (1945). *See Clemons v. Lyles,* 249

---

**2.** Although appellant claims that he may be subject to treble damages under sections 17.50 and 17.50A, *supra,* in the case at bar, appellee did not request treble damages, nor did the trial court award such damages.

S.W.2d 287, 290 (Tex.Civ.App.—Galveston 1952, writ ref'd n.r.e.). Under basic principles of property law appellant committed a legal fraud when he sold stolen property, and is liable to appellee for the purchase price. *See Davis v. Gonzales,* 235 S.W.2d 221, 223 (Tex.Civ.App.—Fort Worth 1950, writ dism'd). This legal fraud constitutes a breach of warranty of title under section 2.312 of the Code, for which appellant is liable, regardless of the statutory provisions of the Certificate of Title Act. Appellant is additionally liable for his breach of warranty under the Deceptive Trade Practices Act, which provides consumers with remedies for deceptive trade practices without the various defenses and burdens of proof found in a common law fraud or breach of warranty action. *See Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1980). Upon learning that the vehicles in question were stolen, appellant's proper remedy would have been to institute suit against Hollyday. *See Mitchell v. Webb,* 591 S.W.2d 547 (Tex.Civ.App.—Fort Worth 1979, no writ). Further, section 29 of the Act provides that an agent for the State shall not issue a certificate of title without first receiving all necessary documents regarding ownership of the vehicle. If, as appellant claims, the authorized agent negligently issued "quick titles" to the automobiles, then appellant could have attempted to hold the agent liable on his bond under section 56 of the Act.

Contrary to appellant's claims, he has not been deprived of property without due process. Alternative remedies are available to appellant, which he has thus far failed to pursue. The acts of the Legislature are presumed valid, and courts cannot "relieve against the occasionally harsh operation of statutory provisions without danger of doing more mischief than good." *Gilmore v. Waples,* 108 Tex. 167, 188 S.W. 1037, 1039 (1916). The burden is on the challenging party to establish the invalidity of a statute, and a court will not substitute its judgment for that of the Legislature. *Exxon Corp. v. Governor of Maryland,* 437 U.S. 117, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978). Appellant has failed to sustain his burden of proving that the challenged statutes have no rational basis to a legitimate State purpose, *see Exxon Corp. v. Governor of Maryland, supra,* or that he has been deprived of property without due process of law. Points of error one through five are overruled.

The judgment of the trial court is affirmed.