**AMERICAN FIRE AND INDEMNITY COMPANY, Appellant,**

v.

**Don JONES, Appellee.**

No. 6–91–060–CV.

Court of Appeals of Texas,
Texarkana.

Feb. 11, 1992.

Rehearing Denied May 5, 1992.

Newton J. Jones, Charlene W. Rowland, Sifford, Edson, Meyer & Jones, Dallas, for American Fire.

Dan Meehan, Dist. Atty. of Fannin County, Fannin County Courthouse, Bonham, for Fannin County.

J. S. Freels, Sherman, for Don Jones.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

American Fire and Indemnity Company (American) appeals an order granting Don Jones title to an allegedly stolen pickup truck. The dispositive issue before us is whether the evidence supports the trial court's findings regarding ownership of the truck.

In December 1988, Johnny Dunn purchased a new Chevrolet truck from a dealer in Dallas. The truck was reported stolen in May 1989. American, the insurer, received title after paying Dunn under a theft policy.

In February 1990, DPS Officer Babbitt seized from Warren Orr a pickup matching the description of Dunn's truck. Orr had purchased the truck from Don Jones in May 1989. Jones allegedly re-purchased the truck from Orr and filed an application with the County Court of Fannin County for the return of the truck, under the provisions of TEX.REV.CIV.STAT.ANN. art. 6687-1, § 49(d)(7)[1]. Subsequently, American filed a similar application.

At an informal hearing in January 1991, Officer Babbitt testified that a wrecked truck had been purchased by a third party the same day Dunn's truck was stolen. The salvage truck's vehicle identification number (VIN) was displayed on the dash, firewall plate, transmission, and right side frame of the truck seized by Officer Babbitt. The seized truck also bore the wrecked truck's Nader safety sticker on the door.

However, Babbitt also testified that all these identifying details bore suspicious characteristics. The VIN plate on the dash was fastened by rivets that had been filed down. The firewall plate had been repainted. The VIN on the transmission was stamped with a different die than that used by the manufacturer. A section of the frame bearing the VIN had been welded into place. The Nader sticker had been removed and reattached. The VIN on the engine had been ground off.

Babbitt further testified that the truck bore a confidential number that, when cross-referenced through the factory, identified the truck as the one stolen from Dunn. None of this testimony was controverted by oral testimony; however, the record contains documentary title histories relating to the stolen truck's VIN and the salvage truck's VIN.

Babbitt refused to reveal the location of the confidential number in open court. The

1. TEX.REV.CIV.STAT.ANN. art. 6687-1, § 49(d)(7), states:

Any person interested in any motor vehicle or part of a motor vehicle seized under this section may, at any time, petition the magistrate to whom the seizure was reported to deliver possession of it to him. The magistrate, after notice to the law enforcement agency in possession of it, shall conduct a hearing to determine the petitioner's right to possession of the motor vehicle or part of a motor vehicle. Possession of a certificate of title to a motor vehicle is rebuttable evidence of the person's right to possess the vehicle. If the petitioner proves by a preponderance of the evidence that he has a right to possession, the magistrate shall order it delivered to him. Act of May 29, 1983, 68th Leg., ch. 880, § 2, 1983 Tex.Gen.Laws 4933, amended by, Act of May 2, 1991, 72nd Leg., ch. 113, § 5, 1991 Tex. Gen.Laws 688 (current version at TEX.CODE CRIM. PROC.ANN. art. 47.01a (Vernon Supp.1992)).

trial court then ruled that Jones was the owner and had a superior right to possession of the truck.

■ American argues that the court erred in failing to award the truck to it because the only evidence in the record showed that it had a valid title to the truck. To succeed on this point, American must show that there is no evidence supporting the court's finding and that all vital facts are conclusively established in its favor. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). If this burden is met, judgment may be rendered for American. *Texas & N.O.R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522, 530–31 (1947).

■ The document assigning Orr's rights in the truck to Jones was attached to the pleadings, but was not introduced into evidence. Instruments attached to pleadings are not evidence unless they are introduced as such. *Carey Crutcher, Inc. v. Mid–Coast Diesel Services*, 725 S.W.2d 500, 502 (Tex.App.–Corpus Christi 1987, no writ); *Carr v. Central Music Co.*, 494 S.W.2d 280, 281 (Tex.Civ.App.–Austin 1973, no writ). Although there is a title history in evidence tracing ownership to Orr, Jones does not direct us to, nor do we find, any evidence linking Jones to the truck. Thus, there is no evidence in the record supporting the trial court's finding that Jones is the owner.

■ The inquiry does not end here, for in order to render judgment for American, the evidence must also conclusively establish that it has title.[2] *Sterner v. Marathon Oil Co.*, 767 S.W.2d at 690. We believe that it does. There is in evidence a title history tracing title from Dunn to American.[3] Officer Babbitt testified that American held valid title. He testified that several custom features installed on Dunn's truck, such as a wood-grain steering wheel

and sliding rear window, were also on the seized truck.

Babbitt also testified that he located a confidential number on the truck and, by cross-referencing that number through the manufacturer, identified the truck he seized from Orr as the truck Dunn reported stolen. Babbitt further testified that this confidential number could not be transferred from one truck to another. This uncontroverted testimony links the seized truck to the title held by American.

■ Jones contends on appeal that some of the testimony concerning the cross-referencing of the confidential number is hearsay. However, since Jones voiced no timely objection at trial, the testimony cannot be denied probative value merely because it is hearsay. Tex.R.Civ.Evid. 802.

■ The record reveals that the trial court discounted the force of Officer Babbitt's confidential number testimony because Babbitt refused to reveal the location of the number in open court. We recognize that the weight and credibility of the evidence is for the trial court, as fact finder, to determine. *Belford v. Belford*, 682 S.W.2d 675, 677 (Tex.App.–Austin 1984, no writ); *Nelson v. Jordan*, 663 S.W.2d 82, 86 (Tex.App.–Austin 1983, writ ref'd n.r.e.). However, a trial court's discretion in this determination is not unbridled.

■ The test for abuse of discretion is whether the court acted without reference to guiding rules and principles. Another way of stating the test is whether the court's action was arbitrary or unreasonable. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793 (Tex.1987); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649 (Tex.1970). Abuse of discretion may occur

---

**2.** This is not a case where a defendant is entitled to judgment because the plaintiff's case is supported by no evidence. In this proceeding, both parties, as petitioners, under Article 6687–1, § 49(d)(7), had the burden to prove they owned the truck to be entitled to judgment.

**3.** Since American obtained title from Dunn, anyone other than American attempting to transfer the truck could not convey good title, despite compliance with the Certificate of Title Act. *Doyle v. Harben*, 660 S.W.2d 586, 588 (Tex. App.–San Antonio 1983, no writ); *see also McKinney v. Croan*, 144 Tex. 9, 188 S.W.2d 144, 146 (1945).

when a court makes "a choice that was legally unreasonable in the factual-legal context in which it was made." *Geeslin v. McElhenney,* 788 S.W.2d 683 (Tex.App.–Austin 1990, no writ); *Reyna v. Reyna,* 738 S.W.2d 772 (Tex.App.–Austin 1987, no writ); *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931 (Tex.App.–Austin 1987, no writ). This may occur when the trial court fails to consider legally relevant evidence, unreasonably exaggerates a legally relevant factor, or rests its determination on a factor that the court is forbidden by law to consider. *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d at 939–40.

Several federal cases, speaking to relevancy and public policy, have refused to require disclosure of the location of confidential numbers. *See United States v. Crumley,* 565 F.2d 945, 950 (5th Cir.1978); *United States v. Nasse,* 432 F.2d 1293, 1306 (7th Cir.1970), *cert. denied,* 401 U.S. 938, 91 S.Ct. 927, 28 L.Ed.2d 217 (1971); *United States v. Briddle,* 430 F.2d 1335, 1340–42 (8th Cir.1970); *Gurleski v. United States,* 405 F.2d 253, 266 (5th Cir.1968), *cert. denied,* 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769 (1969); *Williamson v. United States,* 272 F.2d 495, 497 (5th Cir.1959), *cert. denied,* 362 U.S. 920, 80 S.Ct. 672, 4 L.Ed.2d 740 (1960). These decisions consistently hold that unless the accuracy of the confidential number is in issue, the location is immaterial or irrelevant and disclosure is against public policy.[4]

■ As to the materiality and relevancy of the location of the number, Jones' counsel argued to the court that Babbitt may have made a mistake in transcribing the number, but no such testimony or evidence was admitted. Counsel apparently never requested the location of the confidential number before the hearing. Moreover, Babbitt offered to reveal the location of the secret number to the judge *in camera,* to show photographs of the number to the judge and to provide him with the document he received from General Motors which confirmed the matching numbers. All of these offers were rejected. If accepted, they would have been sufficient for Jones to test the accuracy and veracity of Babbitt's identification of the number.

Officer Babbitt testified that the confidential number could not be transferred from one vehicle to another, so there was no question the number was not on an easily removable part. There being no evidence raising an issue concerning the accuracy of the number, the location of the confidential number was irrelevant. *See, e.g., United States v. Crumley,* 565 F.2d at 950; *Dallas Railway & Terminal Co. v. Oehler,* 156 Tex. 488, 296 S.W.2d 757, 759 (1956).

The competing public policies involved are the damaging effect that disclosure would have on law enforcement and the need for full disclosure of the facts in the courts. The federal cases cited above have refused to compromise law enforcement efforts absent a showing of the materiality of the location to a specific defensive theory. As discussed above, neither discovery nor the evidence adduced at trial raised any question as to the accuracy of this particular number. In this situation, there is no need for the information to be revealed. Thus, the need for effective law enforcement controls, and the court should not have relied on the lack of evidence of the location of the number in making its determination.

Properly considered, Officer Babbitt's testimony concerning the confidential identification number, the "public" VIN numbers and similarities in the trucks, combined with the title history showing title in American, conclusively establishes that American is the owner of the truck. We hold that, as a matter of law, American is entitled to possession of the truck. Since this holding is dispositive, we need not address the remaining points of error.

---

**4.** The refusal to require disclosure of the location of the confidential numbers during cross examination does not, in the absence of a relevant issue or defensive theory, violate the right of confrontation. *Williamson v. United States,* 272 F.2d 495, 497 (5th Cir.1959), *cert. denied,* 362 U.S. 920, 80 S.Ct. 672, 4 L.Ed.2d 740 (1960); *United States v. Wheeler,* 219 F.2d 773, 776 (7th Cir.), *cert. denied,* 349 U.S. 944, 75 S.Ct. 872, 99 L.Ed. 1271 (1955).

The judgment is reversed and judgment is here rendered that American recover title and possession of the truck.