## BRISCOE et al. v. TEXAS GENERAL INS. AGENCY.

### No. 4031.

Court of Civil Appeals of Texas. Amarillo.
May 24, 1933.

Conger & Conger, of San Antonio, for plaintiffs in error.

E. B. Chambers, of San Antonio, for defendant in error.

HALL, Chief Justice.

The defendant in error, a Texas corporation, filed this suit to recover upon a bond executed by Briscoe as principal and E. Clyde Wood and Alva W. Robertson as sureties.

Briscoe was an insurance agent working for defendant in error for a certain per cent of the premiums. The bond sued on is not payable to the defendant in error, but on its face is made payable to Texas General Agency Company. Defendant in error alleged that Briscoe had collected premiums to the extent of $600.28 and that the bond was executed for the purpose of better securing the payment of such premiums to defendant in error. The bond was attached to the petition and made an exhibit.

There is no allegation in the pleadings of either party showing that the bond or the rights accruing thereunder had ever been assigned to defendant in error and the record contains no statement of facts. When the bond was introduced in evidence, it was objected to upon the ground of variance.

A trial to a jury resulted in a judgment in favor of defendant in error for the amount claimed, less $30 which Briscoe, by cross-action, alleged to be due him as his share of the premium collected upon a certain policy which he had solicited.

The first proposition urged is that the court erred in overruling the motion of plaintiffs in error for an instructed verdict, because the pleadings of the defendant in error failed to show that the bond upon which the suit was based, which was payable to the Texas General Agency Company, had ever been assigned or transferred to defendant in error.

■ The plaintiff, in an action upon a bond or other chose in action not payable to him, must allege and prove that he is the owner of the claim or instrument sued on; he must allege an assignment or transfer vesting title in him, and that the defendant was indebted to the assignor. In other words, the plaintiff in an action upon such an instrument not payable to him must allege and prove that there was a cause of action, that it was such a cause of action as could be assigned, and that it had been assigned to him. 5 Tex. Jur. 50, § 38; 52, § 40; and authorities cited; Townes' Texas Pleadings (2d Ed.) 426–428; Robichaux v. Bordages (Tex. Civ. App.) 48 S.W.(2d) 698; Eldridge v. McAdams (Tex. Civ. App.) 24 S. W. 310; Blum v. Sams (Tex. Civ. App.) 250 S. W. 760.

■■ If the defendant in error had alleged an assignment of the bond, or the rights under it, and its ownership thereof, in the absence of a statement of facts the presumption in favor of the correctness of the judgment would have obtained that the proof showed the defendant in error's right to recover. Evidence of an assignment would not have been admissible in the absence of an allegation. The allegata and probata must correspond, and plaintiff must show a right to recover upon the cause of action upon which the suit is based.

We sustain the proposition, and the judgment is reversed and the cause remanded.