ESCO ELEVATORS, INC., Appellant,

v.

BROWN RENTAL EQUIPMENT COMPANY, INC., Appellee.

No. 2–83–187–CV.

Court of Appeals of Texas, Fort Worth.

May 10, 1984.

Thompson & Knight and Eugene W. Brees II and Joseph S. Pevener, Dallas, for appellant.

Shannon, Gracey, Ratliff & Miller and D. Michael Wallach and Kleber C. Miller and J. Michael Sutherland, Fort Worth, for appellee.

Before HUGHES, ASHWORTH and HILL, JJ.

## OPINION

HILL, Justice.

This is a suit for personal injury and property damages arising out of an elevator accident. Plaintiff, Michael Toliver, an employee of Esco Elevators, Inc., hereafter referred to as Esco, sued Equipment Importers, Inc., d/b/a Jet Equipment and Tools, hereinafter referred to as Jet, and appellee Brown Rental Equipment Company, Inc., hereinafter referred to as BRECO. Appellant, Esco, sued Jet and BRECO for property damage to an Esco-maintained elevator. BRECO counter-claimed against Esco for indemnity based upon a rental agreement. After a jury trial, the trial court granted a directed verdict in favor of BRECO and Jet that Esco take nothing regarding its claim. The remainder of the case was submitted to the jury, and based on the verdict, Toliver and Traveler's Indemnity Company of Rhode Island, which had joined in plaintiff's claims as an intervenor, received judgment for $210,744.48 against BRECO. The trial court also entered judgment that all parties with claims against Jet take nothing. BRECO, furthermore, was granted an indemnity judgment against Esco for all damages, on the basis of the indemnity provisions of the rental agreement. From the indemnity judgment and the instructed verdict that Esco take nothing on its property damage claim, Esco brings this appeal.

We affirm in part and reverse and render in part.

In December, 1979, Esco employee Jerry Campbell was sent to Wichita Falls to repair an Esco-maintained elevator on the campus of Midwestern State University. On December 14, 1979, Campbell stopped at one of appellee BRECO's rental outlets to rent a "come-along", a lifting device used to lift, hold, and then lower an elevator car while it is under repair. Esco had been a customer of BRECO for 12 to 15 years, and Esco employees were always required to sign a rental agreement set forth on an invoice before leaving BRECO's premises. This rental invoice agreement contained the following indemnity provision:

The Lessee agrees to indemnify and hold harmless LESSOR from any and all loss, cost and expense resulting from injuries to person, including death resulting therefrom, and damage to property aris-

ing from the use of equipment covered by this lease. . . .

Campbell requested a come-along with the capacity to lift three tons. Unknown to Campbell, a representative of BRECO placed a come-along with only a one and one-half ton capacity into Campbell's truck. Campbell took the come-along to Midwestern State University, and it was used by Campbell and his helper to raise the elevator cab off the hydraulic jack which moved the cab up and down the elevator shaft. While they were "ratcheting" the cab off the jack, they heard popping noises emanating from the come-along. They did not trust the come-along, so they attached steel safety slings to the side of the shaft and top of the cab.

Esco repairmen Henry Horton and Michael Toliver took over the project, and, despite warnings from Campbell, began work without requesting a replacement come-along. On January 18, 1980, Toliver and Horton were attempting to place the elevator cab back into service. Horton was working inside the cab, while Toliver was on top of the cab. The cab was suspended by the come-along at about the sixth floor when Horton decided to get out. As he did, he heard a pop and turned around in time to see Toliver and the elevator cab fall down the shaft. They had previously removed the safety slings. Toliver was seriously injured, and the cab was almost totally destroyed.

Esco asserts thirty-three points of error. In its first point of error, Esco argues that the indemnity agreement in issue is not sufficiently specific to indemnify BRECO against its own negligence. BRECO brings forth its conditional cross-point of error by which it asserts that if we find the provision to be insufficiently specific to protect BRECO against its own negligence, that we find that it would indemnify BRECO against Esco's negligence. Esco acknowledges that the courts in Texas have enforced indemnity agreements which indemnify a party against its own negligence. *See, e.g., Goodyear Tire & Rubber Co. v. Jefferson Const.*, 565 S.W.2d 916

(Tex.1978). Esco argues that a contract of indemnity will not protect an indemnitee against its own negligence unless the obligation of the indemnitor to do so is expressed in clear, unequivocal terms. *See, e.g., Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208, 211 (Tex.1980); *Fireman's Fund Ins. Co. v. Commercial Stand. Ins. Co.*, 490 S.W.2d 818, 822 (Tex.1972); *Mitchell's, Inc. v. Friedman*, 157 Tex. 424, 303 S.W.2d 775, 778–79 (Tex.1957). The Supreme Court in the *Fireman's Fund* case made clear that broad general statements concerning the question of indemnity are not sufficient to protect an indemnitee against its own negligence, but went on to set forth the following three exceptions:

1) agreements in which one person clearly undertakes to indemnify another against liability for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality as in *Mitchell's, Inc. v. Friedman, supra* . . .; 2) agreements which fall within the peculiar circumstances of the indemnitor having complete supervision over the property and employees of the indemnitee in connection with the performance of the indemnitor's contract, . . .; and 3) contracts in which there is an unequivocal provision that indemnitor will protect and indemnify the indemnitee from any and all liability by reasons of injuries to indemnitor's employees . . .

*Fireman's Fund, supra* at 822.

BRECO argues that the indemnity agreement in question is within the "specified instrumentality" exception. The Supreme Court in *Eastman Kodak, supra,* explained this exception as actually an application of the general rule. When there is a clear expression of indemnity with respect to specific premises or instrumentalities, the indemnitor would necessarily know that he is assuming the full responsibility, regardless of whose negligence caused the loss. *Eastman Kodak, supra* at 212.

In the instant case, the indemnity agreement does not clearly and unequivocally protect the indemnitee from its own

negligence. The agreement did provide that Esco was to indemnify BRECO for damages and injuries arising from the use of "equipment covered by the lease agreement." The equipment covered by the lease was a come-along with the capacity to lift three tons. Instead, BRECO gave Esco a come-along with only a one and one-half ton capacity. The indemnity agreement, therefore, referred to the use of the three ton capacity come-along which the appellant should have received. It follows that the indemnity agreement did not refer to the use of the one and one-half ton capacity come-along which the appellant did receive from BRECO. Since the indemnity agreement did not specifically protect BRECO from its own negligence, and since the specific instrumentality provision did not apply to the come-along in question, BRECO was not indemnified for either its own negligence or that of Esco.

Esco's first point of error is sustained. BRECO's conditional cross-point of error is overruled.

Esco's points of error two through eighteen alleged various other theories in support of its argument that the indemnity provision is invalid and unenforceable. Because we have sustained Esco's first point of error, we find discussion of these issues unnecessary.

■ In points of error nineteen through thirty-three, Esco asserts that BRECO's motion for instructed verdict as to Esco's property damage claim was improperly granted. Esco did not own the equipment in question and therefore did not prove that it had suffered any damages. At trial, for the first time, Esco sought to assert a claim assigned to it by Midwestern State University, the owner of the elevator. BRECO objected to evidence of the assignment on the grounds that there were no pleadings to support any right of recovery based upon an assignment. In order to recover upon an assigned cause of action, one must allege and prove that there was a cause of action, that it was a cause of action that could be assigned, and that it had been assigned to him. *Briscoe v. Texas General Ins. Agency*, 60 S.W.2d 814, 815 (Tex.Civ.App.—Amarillo 1933, no writ); *Indemnity Ins. Co. of North America v. Garsee*, 54 S.W.2d 817, 820 (Tex.Civ.App.—Beaumont 1932, no writ). Esco is precluded from recovering judgment based upon the assignment because of its failure to allege the same. *Briscoe v. Texas General Ins. Agency, supra; Indemnity Ins. Co. of North America v. Garsee, supra.*

■ Furthermore, this cause is governed by the two year statute of limitations, a defense which BRECO asserted at trial. The accident occurred on January 18, 1980. Midwestern's cause of action, which it had assigned to Esco, was asserted for the first time at the time of the trial in 1983. Since the cause was not presented until more than two years from the time of the elevator accident, it is barred by the statute of limitations. TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon Supp.1984). The trial court did not err in granting the motion for instructed verdict. Points of error nineteen through thirty-three are overruled.

We reverse and render judgment that Brown Rental Equipment Company, Inc. takes nothing from Esco Elevators, Inc. The remainder of the judgment is affirmed. Costs on appeal are charged one-half to Esco and one-half to BRECO.