CERAMIC TILE INTERNATIONAL,
INC., Appellant,

v.

George BALUSEK, Appellee.

No. 04–03–00073–CV.

Court of Appeals of Texas,
San Antonio.

April 28, 2004.

Mark J. Cannan, David Stephenson, West W. Winter, Clemens & Spencer, P.C., San Antonio, for appellant.

Reba Bennett Kennedy, Law Office of Reba Bennett Kennedy, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from a jury verdict awarding appellee/plaintiff, George Balusek ("Balusek"), damages in the amount of $110,999.57, plus interest and costs. In the underlying lawsuit, Balusek sued appellant, Ceramic Tile International, Inc. ("Ceramic Tile") and North Atlantic Society Anonyme, Inc. for structural damage allegedly done to Balusek's buildings by Ceramic Tile's equipment and for foundation damage allegedly due to water runoff and seepage from property occupied by Ceramic Tile. In three issues, Ceramic Tile (1) challenges Balusek's right to recover on his claims under an assignment from the prior owner of the property, (2) argues the claims were not timely asserted, and (3) complains of charge error. Because Balusek did not establish his right to recover as assignee, we reverse and render.

## BACKGROUND

In 1972, Balusek formed Future Properties, Inc. In March 1989, Future Properties conveyed certain real property to Balusek's father, Albert Balusek. The claims for the property damage at issue in the underlying litigation accrued on or before September 1, 1999. On December 16, 1999, Future Properties sued Ceramic Tile and North Atlantic Society Anonyme, Inc. for damage to the property.[1] On August 18, 2000, Albert conveyed the property to Balusek. On September 22, 2000, Balusek was added as a plaintiff to Future Properties' lawsuit.

On January 10, 2001, Albert assigned his claims for property damage to Balusek. On February 16, 2001, a second amended petition was filed, naming only Balusek as plaintiff. In September 2001, the statute of limitations on the claims for the property damage expired. On November 15, 2001, Ceramic Tile moved for summary judgment, asserting that all alleged damage to the property arose from activities that occurred before Balusek became owner of the property and alleging Balusek had failed to plead and prove that he was assigned any causes of action related to the property damage. On November 20, 2001, Balusek filed a sixth amended petition, suing on his own behalf and as assignee of the causes of action. Attached to the petition is a copy of the assignment from Albert. On January 18, 2002, Balusek filed a response to Ceramic Tile's motion for summary judgment, attaching a copy of the assignment. On February 5, 2002, the trial court denied Ceramic Tile's motion for summary judgment, without stating its grounds. The suit later went to trial, following which the jury returned a verdict in Balusek's favor.

## ASSIGNMENT OF CLAIMS

In its first issue, Ceramic Tile asserts Balusek may not recover as assignee because he offered no proof of the assignment of the property damage claims at trial.

Generally, a cause of action for injury to real property accrues when the injury is committed. *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex.1984); *Exxon Corp. v. Pluff,* 94 S.W.3d 22, 27 (Tex. App.-Tyler 2002, pet. denied). The right to sue for the injury is a personal right belonging to the person owning the property at the time of the injury. *Exxon Corp.,* 94 S.W.3d at 27. A subsequent purchaser cannot recover for an injury committed before his purchase absent an express provision in the deed, or as here an assignment, granting him that power. *Id.* To recover on an assigned cause of action, the party claiming the assigned right must prove a cause of action existed that was capable of assignment and the cause was in fact assigned to the party seeking recovery. *Id.; Delaney v. Davis,* 81 S.W.3d 445, 448–49 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Pape Equip. Co. v. I.C.S., Inc.,* 737 S.W.2d 397, 399 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Esco Elevators, Inc. v. Brown Rental Equip. Co.,* 670 S.W.2d 761, 764 (Tex.App.-Fort Worth 1984, writ ref'd n.r.e.).

Balusek argues he attached the assignment to his sixth amended petition; therefore, the assignment was in the record and before the court. Pleadings, however, are not evidence, unless offered and admitted as evidence by the trial court. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979) (summary judgment); *see also Richards v. Comm'n for Lawyer Discipline,* 35 S.W.3d 243, 251–52 (Tex.App.-Houston [14th Dist.]

---

1. North Atlantic Society Anonyme, Inc. was    later non-suited.

2000, no pet.) (no error in failing to take judicial notice of pleadings in another case because litigant did not offer documents or ask court to take judicial notice). Nor are documents attached to pleadings evidence. *See American Fire & Indem. Co. v. Jones,* 828 S.W.2d 767, 769 (Tex.App.-Texarkana 1992, writ denied) (document assigning Orr's rights in the truck to Jones was attached to the pleadings, but was not introduced into evidence; therefore, no evidence in the record supporting trial court's finding that Jones was the owner); *Noble Exploration, Inc. v. Nixon Drilling Co., Inc.,* 794 S.W.2d 589, 592 (Tex.App.-Austin 1990, no writ) (summary judgment affidavits and evidence were not admitted at trial, and on appeal from a trial on the merits, appellate court cannot consider summary judgment evidence that was not admitted in evidence at trial); *City of Galveston v. Shu,* 607 S.W.2d 942, 944 (Tex. Civ.App.-Houston [1st Dist.] 1980, no writ) (same). Thus, instruments attached to pleadings are not evidence unless they are introduced as such at trial. *See American Fire & Indem.,* 828 S.W.2d at 769; *Carr v. Central Music Co.,* 494 S.W.2d 280, 281 (Tex.Civ.App.-Austin 1973, no writ). Simply attaching a document to a pleading neither makes the document admissible as evidence, dispenses with proper foundational evidentiary requirements, or relieves a litigant of complying with other admissibility requirements. Accordingly, because Balusek did not offer the assignment into evidence at trial, he did not meet his burden of proving a cause of action existed that was capable of assignment and that the cause was in fact assigned to him. *See Pape Equip.,* 737 S.W.2d at 401; *Vahlsing v. Collier Cobb & Assoc. of Dallas, Inc.,* 560 S.W.2d 117, 118 (Tex.Civ.App.-Dallas 1977, no writ); *VanHuss v. Buchanan,* 508 S.W.2d 412, 414 (Tex.Civ.App.-Fort Worth 1974, writ dism'd w.o.j.).

█ Balusek also argues that because judgment was rendered in his favor, the trial court must have considered the assignment when it was offered by Ceramic Tile. We disagree. During trial, after Balusek finished his case-in-chief (and immediately prior to his resting), Ceramic Tile moved for a directed verdict on its limitations defense and offered into evidence a copy of the warranty deeds and the assignment for the limited purpose of establishing that Balusek did not timely assert the assigned claims. Balusek's counsel responded, "Your honor, in fairness, you limined it out [at Balusek's request], and he would have attempted to bring them in, so I'll have no objection to that outside the presence of the jury." The trial court admitted the documents "for the Court's consideration only." The court then denied Ceramic Tile's motion for a directed verdict.

Nothing in the record indicates the trial court considered the assignment for any purpose other than the limited purpose of whether Balusek timely filed his claims against Ceramic Tile. Because a copy of the assignment was not offered or admitted into evidence during trial for the purpose of proving up the assignment, Balusek failed to establish that the property damage claims were actually assigned to him. Therefore, Balusek did not establish his right to recover the claims that belonged to Albert.

### CONCLUSION

We sustain Ceramic Tile's first issue, and we decline to address its remaining issues as they are not dispositive to this appeal. TEX.R.APP. P. 47.1. We reverse the trial court's judgment and render judgment that Balusek take nothing on his claims against Ceramic Tile.