In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-196 CV


____________________



LURLINE L. SKIPPER, Appellant



V.



CHASE MANHATTAN BANK USA, N.A., Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 43,894






 MEMORANDUM OPINION 


 The trial court rendered judgment in favor of Chase Manhattan Bank USA, N.A.
("Chase") in its suit on an account that it brought against Lurline L. Skipper ("Skipper"). 
Skipper appeals. We reverse and render.

Background


 First Deposit National Bank ("First Deposit"), a non-party to the underlying suit, and 
Skipper entered into a credit agreement under which Skipper received cash advances. Chase
maintains it is an assignee of the loan to Skipper and alleges that it acquired Skipper's
account from another non-party, Providian National Bank ("Providian"). Although not
entirely clear from the record, it appears that Providian was either a successor to First
Deposit, or acquired the loan by assignment from First Deposit. Chase sued Skipper for
defaulting on the debt she incurred under the credit agreement that originated with First
Deposit. Skipper filed a general denial. Chase did not follow the procedures that apply to
suits on sworn accounts and pursued its claim under a breach of contract theory. 

 The parties presented the case on March 17, 2005 in a non-jury trial. Over Skipper's
objection, Chase offered into evidence a business records affidavit of its assistant treasurer,
Kristen Wendt. Attached to Wendt's affidavit were eighty-seven pages of records on
Skipper's account. Chase's affidavit and documents do not include testimony or written
documents evidencing Chase's acquisition of Skipper's debt from Providian. After
introducing Wendt's affidavit and the records attached to it, Chase's attorney testified
concerning his attorneys' fees, and then rested. Skipper presented no evidence. The trial
court awarded Chase a judgment in the principal amount of $5,875.07, interest, and
attorneys' fees. 

 The central issue here is whether Chase established that it acquired Skipper's account
as an assignee. Because we find no evidence of any assignment to Chase, we reverse and
render judgment for Skipper.

Breach of Contract

 The elements of a breach of contract cause of action include: (1) the existence of a
valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's
breach of the contract; and (4) damages from the breach. Sullivan v. Smith, 110 S.W.3d 545,
546 (Tex. App.- Beaumont 2003, no pet.). Here, Chase's alleged contractual rights did not
arise through a contract between Chase and Skipper. We also note that Skipper's account
agreement with First Deposit provided that First Deposit could assign or transfer its rights
to all or some of Skipper's payments. 

 "An assignment generally transfers some right or interest from one person to another." 
MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc., 179 S.W.3d 51, 57 (Tex.
App.- San Antonio 2005, pet. denied). In Texas, the right to receive payment for a debt is
generally assignable. Cloughly v. NBC Bank-Seguin, N.A., 773 S.W.2d 652, 655 (Tex. App.
- San Antonio 1989, writ denied). 

 The resolution of this appeal depends upon whether the law requires Chase to prove 
that a prior lender assigned its right to collect Skipper's payments to Chase. The party
asserting that a debt is due to it by virtue of an assignment must prove that the debt was in
fact assigned to it. Ceramic Tile Intern., Inc. v. Balusek, 137 S.W.3d 722, 724 (Tex. App.
- San Antonio 2004, no pet.); Delaney v. Davis, 81 S.W.3d 445, 448-49 (Tex. App. -
Houston [14th Dist.] 2002, no pet.). In Ceramic Tile, the Court of Appeals reversed a trial
court's judgment favoring an assignee who never introduced the assignment into evidence
at the trial. See 137 S.W.3d at 725. Although the assignee attached a copy of the assignment
to its pleadings, the appellate court held that the assignee's failure to place the assignment
into evidence during trial precluded it from recovering on its claim. Id. Several appellate 
courts have relied on the same principle requiring creditors to prove their assignees' rights
at trial and, where the evidence failed to show the assignments, similarly denied their
recoveries. See Powell v. McCauley, 126 S.W.3d 158, 163 (Tex. App. - Houston [1st Dist.]
2002, no pet.); American Fire & Indem. Co. v. Jones, 828 S.W.2d 767, 769 (Tex. App. -
Texarkana 1992, writ denied); Pape Equipment Co. v. I.C.S., Inc., 737 S.W.2d 397, 399
(Tex. App. - Houston [14th Dist.] 1987, writ ref'd n.r.e.); see also Esco Elevators, Inc. v.
Brown Rental Equipment Co., Inc., 670 S.W.2d 761, 764 (Tex. App. - Fort Worth 1984, writ
ref'd n.r.e.); Briscoe v. Texas General Ins. Agency, 60 S.W.2d 814, 815 (Tex. Civ. App. -
Amarillo 1933, no writ); Indemnity Ins. Co. of North America v. Garsee, 54 S.W.2d 817,
820 (Tex. Civ. App. - Beaumont 1932, no writ).

Conclusion 

 Because Chase failed to prove that it obtained an assignment of Skipper's account, we
sustain Skipper's issue in which she complains the evidence supporting the judgment is
legally insufficient. We need not address the remaining issues raised by Skipper because this
issue is dispositive of this appeal. Tex. R. App. P. 47.1. We reverse the trial court's
judgment and render judgment that Chase take nothing on its claims against Skipper.

 REVERSED AND RENDERED.

 

 ___________________________

 HOLLIS HORTON

 Justice



Submitted on January 19, 2006

Opinion Delivered March 16, 2006

Before McKeithen, C.J., Kreger, and Horton, JJ.