

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00233-CV

JOSEPH VAN VELZOR                                          APPELLANT

V.

HENRY BRADLEY                                               APPELLEE

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pro se Appellant Joseph Van Velzor sued Appellee Henry Bradley to recover $500 that Bradley allegedly "unlawfully appropriated" from Van Velzor. Bradley generally denied the allegations and responded to Van Velzor's requests for admissions and interrogatories. At the final bench trial, both sides appeared

---

[1]See Tex. R. App. P. 47.4.

pro se, and Van Velzor called only one witness—Bradley. The trial court found in favor of Bradley and ordered that Van Velzor take nothing by his suit.

In his first issue, Van Velzor complains about certain "documents filed in the case that were ghost written by an attorney." During his testimony, Bradley mentioned that an attorney with Legal Aid had helped him respond to Van Velzor's discovery requests. Complaining of improper "dual representation," Van Velzor objected to Bradley appearing pro se after he had previously been assisted by the attorney. On appeal, Van Velzor argues that the "use of such documents were dishonest, misrepresentations before the court, unethical conduct of an attorney, interference with the administration of justice" and that the trial court "should have struck defendant's documents and ordered the attorney that prepared the documents filed with the court for defendant to appear and show cause why they should not be sanctioned."

To the extent that Van Velzor's argument on appeal comports with his objections at trial, we fail to see how Bradley's discovery responses had any relevance at the final trial because they were never admitted as evidence. *See Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724 (Tex. App.—San Antonio 2004, no pet.) (reasoning that pleadings are not evidence unless offered and admitted as evidence by the trial court); *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) (reasoning that while a court may take judicial notice of its own files, it may not take judicial notice of the truth of the allegations in its files). Moreover, while hybrid representation is generally not

2

permitted, *see, e.g.*, *Posner v. Dallas Cnty. Child Welfare Unit of Tex. Dep't of Human Servs.*, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ denied), the trial court specifically noted at the outset of the final trial that Bradley was appearing pro se. That Bradley had received assistance from Legal Aid in the past did not, *ipso facto*, mean that he was represented by Legal Aid at the time of trial, as Van Velzor appears to argue. Van Velzor contends that Bradley's "unfair advantage" deprived him of due process, but Van Velzor never objected on due process grounds. *See In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003), *cert. denied*, 541 U.S. 1043 (2004) (reasoning that constitutional arguments must be preserved for appellate review). We overrule Van Velzor's first issue.

Van Velzor argues in his second issue that the trial court erred by failing to stop the trial once he brought his hybrid-representation objection to its attention. Van Velzor never moved for a continuance or a mistrial, nor does he direct us to any authority requiring the trial court to sua sponte halt proceedings after overruling a party's objection. We overrule Van Velzor's second issue.

Van Velzor argues in his third issue that he was denied due process because Bradley "engaged in evasive testimony." Notwithstanding that he never raised this issue below, *see* Tex. R. App. P. 33.1(a), the trial court afforded Van Velzor an opportunity to make an opening statement, present evidence, and make a closing argument. If Van Velzor thought that Bradley had testified evasively, then he could have called himself or another witness to clear up the

3

record or provide controverting testimony, but he did not do so.  We overrule his third issue.

In his fourth issue, Van Velzor argues that he was denied a fair trial and due process because the trial court overruled his objection to Bradley's opening statement and prohibited him from questioning Bradley about his criminal record. Van Velzor never raised fair-trial and due-process arguments in the trial court; he therefore failed to preserve them for appellate review.  *See* Tex. R. App. P. 33.1(a).  To the extent that Van Velzor merely argues that the trial court abused its discretion by overruling his objection and by prohibiting him from questioning Bradley about his criminal background, even if the trial court abused its discretion, the error was unquestionably harmless in light of the entire record. *See* Tex. R. App. P. 44.1(a).

Van Velzor argues that the trial court erred by assessing costs against him because he filed an affidavit of indigence that Bradley never contested.[2]  *See* Tex. R. Civ. P. 145.  To the extent that the judgment requires Van Velzor to pay any costs, the clerk's record contains an affidavit of indigence filed by Van Velzor for purposes of costs on appeal, *see* Tex. R. App. P. 20.1, not for costs in the trial court.  We overrule Van Velzor's fourth issue.

---

[2]The final judgment provides that "[c]osts are to be borne by the party incurring same."

Having overruled all of Van Velzor's issues, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  May 22, 2014