

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00603-CV

Richard **LARES**,
Appellant

v.

Martha **MUNIZ**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-107990
Honorable Michael E. Mery, Judge Presiding

Opinion by: Beth Watkins, Justice

Sitting: Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: July 20, 2022

AFFIRMED

Richard Lares appeals a declaratory judgment in favor of his ex-wife, appellee Martha

Muniz. We affirm.

### BACKGROUND

Lares and Muniz divorced in 2007. The final decree of divorce, which was signed by the

45th Judicial District Court of Bexar County in cause number 2006-CI-15663, provided: (1) Muniz

would sell a specific piece of residential property, either within thirty days of finishing her

pharmacy residency or by December 31, 2010; and (2) two-thirds of the sales proceeds would go

to Muniz and one-third would go to Lares. Muniz did not sell the property. The record does not show that Lares took any action to compel her compliance with that provision of the divorce decree.

On January 8, 2014, the trial court signed an order finding that the divorce decree's terms regarding the property had "become unworkable" because Lares's child support arrearage exceeded his one-third share of the property's value. The same day, the trial court signed a separate order appointing Muniz as receiver of the property and giving her authority to manage, control, and dispose of it as she saw fit. The record does not show that Lares appealed either order. On September 5, 2014, Muniz, as receiver, executed a special warranty deed conveying the property to herself as the sole owner.

On November 12, 2019, Lares's sister, Virginia Lares, executed a Deed of Trust to Secure Assumption and filed it in the Bexar County real property records. That deed, which bears only Virginia's signature, lists Muniz as "grantor," Virginia as "trustee," and Lares as "beneficiary." Muniz maintains she did not give Virginia permission to file the deed and that she "stumbled upon it accidentally" when she began receiving mail congratulating her on purchasing a new home and "list[ing] the institution of the loan as Richard Lares."

On April 30, 2020, Muniz filed this lawsuit, cause number 2020-CI-107990, against both Virginia and Lares in the 45th Judicial District Court of Bexar County. Muniz sought a declaration that she was the sole owner of the property, injunctive relief barring Lares and Virginia from taking further action regarding the property, and attorney's fees. Lares filed an answer arguing that the trial court "should not accept jurisdiction to entertain/hear this Case because the [property] is still part of Case No. 2006-CI-15663[.]" He also argued that Muniz obtained title to the property through "fraud upon the court."

On September 14, 2020, the parties tried this case to the bench. Lares represented himself. After hearing testimony from Muniz, Virginia, and Muniz's attorney, the trial court orally rendered judgment granting Muniz the relief she sought. Lares filed a "Motion in Arrest of Judgment and For Sanctions Against Plaintiff," which again argued that the trial court lacked jurisdiction to hear Muniz's claims and that Muniz had obtained title to the property by fraud. The trial court did not sign a written order on Lares's motion. On October 22, 2020, it signed a written judgment consistent with its oral rendition. Lares appealed; Virginia did not.

## ANALYSIS

The issues presented section of Lares's brief asserts six issues, but the body of his brief presents argument on only the first three issues and affirmatively "waive[s] all other Arguments[.]" We will consider only the three issues on which Lares presents argument. TEX. R. APP. P. 38.1; *Wheeler, Tr. of L&P Children's Tr. v. San Miguel Elec. Coop., Inc.*, 610 S.W.3d 60, 68 (Tex. App.—San Antonio 2020, pet. denied).

### *Jurisdiction*

#### *Standard of Review and Applicable Law*

In his first issue, Lares argues the trial court lacked jurisdiction to hear Muniz's lawsuit in this cause number. "Subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the case in question belongs." *Mladenka v. Mladenka*, 130 S.W.3d 397, 400 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "Subject matter jurisdiction is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). We review questions of subject matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Unlike subject matter jurisdiction, dominant jurisdiction goes to questions of proper venue, rather than to a court's power to hear a dispute. *See Gordon v. Jones*, 196 S.W.3d 376, 382 (Tex.

App.—Houston [1st Dist.] 2006, no pet.). "As a rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction and should proceed, and the other cases should abate." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). We review questions of dominant jurisdiction for abuse of discretion. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293 (Tex. 2016). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding principles. *Id.* at 293–94.

*Application*

Lares argues the trial court's judgment is void for lack of jurisdiction. "[A] judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Comm'n for Lawyer Discipline v. Schaefer*, 364 S.W.3d 831, 836 (Tex. 2012) (per curiam) (internal quotation marks omitted). This lawsuit was filed in and decided by the 45th Judicial District Court of Bexar County, which is a court of general jurisdiction. TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.007. Nothing in the record shows that court lacked authority "to hear and determine cases of [the] general class" to which this dispute belongs. *See Mladenka*, 130 S.W.3d at 400. Accordingly, Lares has not shown the trial court lacked subject matter jurisdiction or that its judgment was void for that reason.

By arguing that "Civil Divorce Cause No. 2006-CI-15663 . . . had continuing exclusive jurisdiction over the" property, Lares appears to argue that that the trial court should have abated this lawsuit under the doctrine of dominant jurisdiction. "The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other

coordinate courts."[1] *In re J.B. Hunt Transp.*, 492 S.W.3d at 294 (internal quotation marks omitted). While the doctrine of dominant jurisdiction generally applies only when suit is proper in multiple counties, *see Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005), it can also apply when "two courts have concurrent jurisdiction to determine inherently intertwined issues[.]" *See In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (per curiam).

Lares notes that the divorce decree in cause number 2006-CI-15663 included terms regarding the required disposition of the property, and he contends that there were unresolved matters pending in cause number 2006-CI-15663 when Muniz filed this lawsuit. Nevertheless, Lares has not shown the trial court committed reversible error by refusing to abate this lawsuit in favor of cause number 2006-CI-15663. First, nothing in the record shows that this lawsuit and cause number 2006-CI-15663 involve the same subject matter or are otherwise "inherently intertwined." *See id.*; *Perry*, 66 S.W.3d at 252; *see also Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.) (appellant bears burden to present record showing reversible error). Lares contends the trial court in cause number 2006-CI-15663 "made a Judgment on the [property] on Jan. 14, 2020," and Appendix C to his brief is a document he identifies as "Jan. 14, 2020 Divorce Judgment/Order." But the appellate record does not contain either the document Lares identifies as Appendix C or any order signed on January 14, 2020. "We cannot consider documents attached to an appellate brief that do not appear in the record." *Castano v. San Felipe Agric., Mfg., & Irrigation Co.*, 147 S.W.3d 444, 452–53 (Tex. App.—San Antonio 2004, no pet.). In any event, Appendix C to Lares's brief is an unsigned order that does not refer to the property in any way.

---

[1] Despite its name, "dominant jurisdiction is not jurisdictional in the sense of subject-matter jurisdiction." *Washington v. Taylor*, No. 01-08-00255-CV, 2010 WL 1571201, at *3 (Tex. App.—Houston [1st Dist.] Apr. 8, 2010, no pet.) (mem. op.).

Second, Lares complains that the judgment on appeal was entered in the wrong cause number, not the wrong court. The record shows that both this lawsuit and cause number 2006-CI-15663 were filed, heard, and decided in the 45th Judicial District Court of Bexar County. As the supreme court has noted, the dominant jurisdiction doctrine recognizes that "it is impossible that *two courts* can, at the same time, possess the power to make a final determination of the same controversy between the same parties." *Perry*, 66 S.W.3d at 252 (emphasis added, internal quotation marks omitted). Lares cites no authority holding that dominant jurisdiction requires a trial court to abate a dispute in favor of a different cause number pending in the same court.

We overrule Lares's first issue.

### *Discovery*

#### *Standard of Review and Applicable Law*

In his second issue, Lares argues he was denied an opportunity to perform discovery. We review a trial court's discovery rulings for abuse of discretion. *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). The Texas Rules of Civil Procedure provide that in a case like this one, discovery must be completed by "30 days before the date set for trial." TEX. R. CIV. P. 190.3(b)(1)(B).

#### *Application*

Lares contends he first received notice of the trial setting on August 20, 2020 and that he sent interrogatories and requests for production to Muniz two days later. Because Lares sent these discovery requests less than thirty days before the September 14, 2020 trial setting, Muniz filed a motion for a protective order and did not respond to Lares's requests. *See id.*; *see also* TEX. R. CIV. P. 192.6(a). Lares argues he was therefore denied an opportunity to conduct discovery.

Lares did not assert this argument below. TEX. R. APP. P. 33.1; *Jefferson v. Univ. of Tex. Med. Branch Hosp. at Galveston*, No. 01-09-00062-CV, 2010 WL 987727, at *5 (Tex. App.—

Houston [1st Dist.] Mar. 18, 2010, pet. denied) (mem. op.). Additionally, he announced "ready" for trial on September 14, 2020 and did not request a continuance. *See Henderson v. Wellman*, 43 S.W.3d 591, 598 (Tex. App.—Houston [1st Dist.] 2001, no pet.). For these reasons, Lares waived his discovery complaints. *See id.*

Lares also argues he was denied his Sixth Amendment right to confront witnesses against him. By its plain language, the Sixth Amendment applies only to "criminal prosecutions," not to civil matters like this one. U.S. CONST. amend. VI; *In re K.C.*, 563 S.W.3d 391, 397–98 (Tex. App.—Houston [1st Dist.] 2018, no pet.). While Lares had a due process right to cross-examine adverse witnesses, *Davidson v. Great Nat'l Life Ins. Co.*, 737 S.W.2d 312, 314 (Tex. 1987), the record shows Lares questioned the sole witness against him—Muniz—at trial.

We overrule Lares's second issue.

### *Fraud*

In his final briefed issue, Lares argues Muniz obtained title to the property in 2014 by committing fraud on the court. In his brief, Lares refers to documents he attached to his live answer and argues that these documents show Muniz engaged in fraud. However, documents attached to pleadings are not evidence. *See Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724–25 (Tex. App.—San Antonio 2004, no pet.). Because Lares did not present any of these documents as evidence at trial, they do not support his claim of fraud. *See id.*

Lares attempted to question Muniz about the allegedly fraudulent acts at trial. However, the trial court sustained Muniz's objections to that line of questioning, concluding Lares was improperly attempting to "go back behind" the 2014 orders that permitted Muniz to take title to the property. We construe Lares's complaints on this issue as an argument that the trial court abused its discretion by limiting his examination of Muniz. *See, e.g., Smith v. DC Civil Constr.,*

*LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.) (noting "we liberally construe pro se pleadings and briefs").

When a trial court excludes evidence by limiting a party's examination of a witness, the appellant "must preserve error by filing an offer of proof informing the court of the substance of the excluded evidence." *See Gunn v. McCoy*, 554 S.W.3d 645, 666 (Tex. 2018); *C.H. v. Tex. Dep't of Family & Protective Servs.*, No. 03-19-00900-CV, 2020 WL 2786864, at *3 (Tex. App.—Austin May 28, 2020, no pet.) (mem. op.). Lares did not make an offer of proof showing what the substance of the excluded testimony would have been. Accordingly, he did not preserve this complaint for our review. TEX. R. EVID. 103(a)(2); *C.H.*, 2020 WL 2786864, at *3. While we recognize that Lares represented himself both at trial and on appeal, "we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable rules of procedure." *Kehoe v. Kendall County*, No. 04-19-00825-CV, 2020 WL 4045991, at *1 (Tex. App.—San Antonio July 15, 2020, no pet.) (mem. op.); *see also Coello v. Labarbera*, No. 03-16-00670-CV, 2017 WL 3902612, at *3 n.5 (Tex. App.—Austin 2017, no pet.) (mem. op.) (holding pro se litigant waived evidentiary complaint by failing to make an offer of proof).

We overrule Lares's third issue.

## CONCLUSION

We affirm the trial court's judgment.

Beth Watkins, Justice