**Opinion issued July 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00159-CV**

————————————

**KIMBERLY CONLEE, Appellant**

**V.**

**ASI LLOYDS, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1166217**

---

**MEMORANDUM OPINION**

Kimberly Conlee sued her insurer, ASI Lloyds, after it denied her claim. ASI moved for traditional and no-evidence summary judgment. The trial court struck each of Conlee's responsive exhibits and then granted ASI's motion. Because we conclude the trial court did not err in striking her exhibits and Conlee therefore

produced no evidence in response to ASI's no-evidence summary-judgment motion, we affirm the trial court's judgment.

## BACKGROUND

Conlee had a homeowner's insurance policy issued by ASI. She claimed her home was damaged on January 24, 2020, by an explosion at a nearby chemical plant. Conlee filed a claim with ASI on September 29 of the same year. ASI's adjuster who inspected the property identified some damage, but he and Conlee's representative agreed that an engineer's opinion was needed to determine the cause. After an engineer inspected Conlee's home, he concluded the explosion did not cause any of the damages to Conlee's home. ASI denied Conlee's claim on February 15, 2021, several days after receiving the engineer's report.

Conlee sued ASI about a month later, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act or DTPA, violations of Chapter 541 of the Insurance Code, violations of the Texas Prompt Payment of Claims Act or TPPCA, fraud, and conspiracy. Conlee moved to compel appraisal, and the trial court granted the motion.

ASI paid Conlee the full amount of the appraisal award and interest, less Conlee's deductible, about a week after receiving the appraisal award. ASI then filed a no-evidence and traditional summary-judgment motion on all of Conlee's claims. Conlee responded and attached four exhibits.

ASI objected to these exhibits, and the trial court sustained these objections and struck each exhibit. The trial court then granted ASI's summary-judgment motion.

Conlee appeals, arguing that the trial court erred in: (1) granting summary judgment because genuine issues of material fact exist; and (2) striking her exhibits. Conlee raised three issues on appeal, but we consider Conlee's first and second issues together because we understand them to be making the same argument. In her first issue, Conlee asserts ASI breached the contract by failing to pay her claim and her extra-contractual claims remain viable; we construe this as asserting the trial court erred in granting summary judgment for ASI on these claims. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) (stating that appellate briefs "are to be construed reasonably, yet liberally"). In her second issue, Conlee asserts genuine issues of material fact exist as to the interest and attorney's fees ASI owed, which we also construe as asserting the trial court erred in granting summary judgment for ASI on her claims involving interest and attorney's fees. *See id.* In her third issue, she claims the trial court erred in striking her summary-judgment exhibits.

**DISCUSSION**

**No-Evidence Summary-Judgment Standard of Review**

When a party moves for both traditional and no-evidence summary judgment, we first review the trial court's ruling under the no-evidence standard of review. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the trial court properly granted the no-evidence motion, we do not need to analyze the arguments raised in the traditional summary-judgment motion. *See id.*

After adequate time for discovery, a party may move for summary judgment on the ground that the opposing party has no evidence of one or more essential elements of the opposing party's claims. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which the movant claims there is no evidence. *Id.* A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

After the movant files a no-evidence summary-judgment motion, the burden then shifts to the nonmovant to produce summary-judgment evidence raising a genuine issue of material fact for each challenged element. *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). The nonmovant must present more than a scintilla of probative evidence to raise a genuine issue of material fact. *See id.* "More than a scintilla of evidence exists when the evidence

4

'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Chapman*, 118 S.W.3d at 751 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). If the nonmovant does not meet her burden, the trial court must grant the summary judgment. TEX. R. CIV. P. 166a(i).

"We review summary judgments de novo." *Wal-Mart Stores*, 663 S.W.3d at 576. "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)).

## Evidentiary Rulings

We first consider Conlee's third issue challenging the trial court's evidentiary rulings. Conlee argues the trial court erred in striking her summary-judgment evidence.

### *Applicable Law*

We review a trial court's decision to exclude summary-judgment evidence for an abuse of discretion. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam); *Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 824 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The appellant has the burden to produce a record sufficient to show the trial court abused its discretion. *Chandler*, 376 S.W.3d at 824. Even if a trial court abuses its discretion, we will only reverse if the error probably caused the rendition of an improper judgment. TEX. R. APP. P.

5

44.1(a)(1); *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998) (stating appellate court must uphold trial court's evidentiary ruling "if there is any legitimate basis for the ruling" and will not reverse erroneous evidentiary ruling unless error probably caused rendition of improper judgment). It is the appellant's burden to show the exclusion of evidence probably resulted in an improper judgment. *See Chandler*, 376 S.W.3d at 824.

Summary-judgment evidence must be presented in a form that would be admissible at trial. *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 178 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Generally, hearsay and unauthenticated documents would not be admissible at trial. *See* TEX. R. EVID. 802, 901(a). A party need only provide a properly sworn affidavit stating the attached documents are true and correct copies to authenticate the copies and make them admissible. *See In re Est. of Guerrero*, 465 S.W.3d 693, 704 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc); *cf. Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 725 (Tex. App.—San Antonio 2004, no pet.) ("Simply attaching a document to a pleading neither makes the document admissible as evidence, dispenses with proper foundational evidentiary requirements, or relieves a litigant of complying with other admissibility requirements."). Hearsay[1] is not admissible

---

[1] Hearsay is a statement the declarant "does not make while testifying at the current trial or hearing," which is offered "to prove the truth of the matter asserted." TEX. R. EVID. 801(d).

unless allowed by statute, the rules of evidence, or other rules prescribed under statutory authority. TEX. R. EVID. 802.

A trial court does not abuse its discretion in striking inadmissible evidence. *See, e.g.*, *Taylor v. Baylor Scott & White Med. Ctr.-Frisco*, No. 05-20-00352-CV, 2022 WL 405896, at *3 (Tex. App.—Dallas Feb. 10, 2022, no pet.) (mem. op.) (holding no abuse of discretion in excluding hearsay evidence that did not fall within any exception to hearsay rule); *Gonzalez v. McKinney Dodge Inc.*, No. 05-14-00482-CV, 2015 WL 3454399, at *3 (Tex. App.—Dallas June 1, 2015, pet. denied) (mem. op.) (holding no abuse of discretion in excluding unauthenticated documents because they are not entitled to consideration as summary-judgment evidence).

### *Analysis*

In response to ASI's no-evidence summary-judgment motion, Conlee produced four exhibits:

- Exhibit A: the appraisal demand letter she sent to ASI;

- Exhibit B: an unofficial copy of the trial court's order compelling appraisal;

- Exhibit C: a statement of interest owed, calculated from the date she filed her claim with ASI; and

- Exhibit D: the appraisal award.

ASI filed objections to each exhibit and moved to strike them, mainly claiming the exhibits were hearsay and unauthenticated. At the summary-judgment

7

hearing, the trial court sustained ASI's objections and struck each of Conlee's exhibits.

In the trial court and on appeal, Conlee has not disputed that her exhibits were hearsay and unauthenticated. Instead, she argues the trial court could have admitted each exhibit for different reasons. But a trial court does not abuse its discretion in striking evidence that is inadmissible because it is unauthenticated or constitutes hearsay. *See* TEX. R. EVID. 802, 901(a); *see also, e.g.*, *Taylor*, 2022 WL 405896, at *3; *Gonzalez*, 2015 WL 3454399, at *3. We conclude the trial court did not abuse its discretion in sustaining ASI's authentication and hearsay objections to Conlee's unauthenticated evidence.

Moreover, we agree with ASI that Conlee has not shown the exclusion of any of her exhibits caused the trial court to render an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1); *Malone*, 972 S.W.2d at 43.

Conlee has not explained, nor do we see, how the exclusion of these exhibits resulted in an improper judgment. The exhibits serve only to show that Conlee made a demand for an appraisal and attorney's fees, that the trial court ordered an appraisal, Conlee's calculation of the interest due, and the amount of the appraisal award. Except for Conlee's calculation of the interest due, none of these facts are disputed. The exhibits, even if the trial court could have considered them, do not raise a fact issue as to any of the challenged elements of Conlee's claims stated in

8

her original petition. *See Wal-Mart Stores*, 663 S.W.3d at 576 (stating nonmovant has burden to produce summary-judgment evidence raising material fact issue for each challenged element after no-evidence summary-judgment motion).

We briefly address each of these claims and why Conlee's excluded evidence of appraisal, if it could be considered, does not raise a fact issue on any of her claims.

Conlee argued in her original petition that ASI breached the insurance contract by not paying her attorney's fees and interest. To establish breach of contract in the context of an insurance policy, a plaintiff has the burden to establish coverage under the policy for the denied claim. *See Powell v. USAA Cas. Ins. Co.*, No. 01-19-00308-CV, 2021 WL 1414217, at *8 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.). Conlee did not provide any evidence of a provision in the contract entitling her to recover interest and attorney's fees, even if her exhibits could be considered. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019) (stating that to secure award of attorney's fees from opponent, party must prove that recovery of attorney's fees is legally authorized). Thus, she offered no evidence that ASI breached its obligations under the contract by denying a claim that was covered. *See Powell*, 2021 WL 1414217, at *8.

Conlee further argued that ASI breached its statutory and common law duties of good faith and fair dealing by, among other things, delaying payment of her claim after it was reasonably clear that the claim was covered. *See* Tex. Ins. Code

9

§ 541.060(a) (establishing unfair methods of competition and unfair or deceptive acts or practices in business of insurance, including by failing to attempt in good faith to effectuate prompt settlement of claim with respect to which insurer's liability has become reasonably clear); *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) (recognizing insurer's common-law duty of good faith and fair dealing). The standard to prove a common-law breach and to prove a statutory breach is the same. *Zatorski v. USAA Tex. Lloyd's Co.*, No. 01-13-01002-CV, 2015 WL 456474, at *4 (Tex. App.—Houston [1st Dist.] Feb. 3, 2015, no pet.) (mem. op.). An insurer breaches these duties by denying a claim when "the insurer knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). But Conlee offered no evidence, even if her exhibits could be considered, that her claim was covered or that that ASI knew or should have known it was covered.

Conlee also asserted statutory claims based on ASI's alleged misrepresentation of the policy, failure to adequately investigate, and failure to promptly pay the claim: violations of Chapter 541 of the Insurance Code and the DTPA. *See* Tex. Bus. & Com. Code § 17.46 (making unlawful certain deceptive trade practices); Tex. Ins. Code §§ 541.001–.454 (prohibiting certain unfair methods of competition and unfair or deceptive acts or practices in business of insurance). Essentially, Conlee argued she was denied policy benefits to which she

10

was entitled because of ASI's actions. However, an insured generally cannot recover policy benefits as statutory damages caused by an insurer's statutory violation unless there has been a finding that the insured had a right to receive those benefits under the insurance policy. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018). The insured might be able to recover damages for "an injury independent of the insured's right to recover policy benefits" if the insurer's statutory violation causes that independent injury. *Id.* at 499. Conlee produced no evidence, even if her exhibits could be considered, that she suffered an independent injury or that she was entitled to receive policy benefits.

Similarly, Conlee argued ASI violated the TPPCA by not timely paying her claim, and therefore, ASI owes interest as provided by the Act. *See* TEX. INS. CODE §§ 542.051–.061 (generally requiring insurer to acknowledge receipt of claim, begin investigating claim, and promptly pay covered claim and requiring insurer to pay interest on delayed payment and attorney's fees as penalty for violation). The insured has the burden to establish her right to interest and attorney's fees under the Act, and to meet that burden, the insured must prove that: (1) the insured made a claim under the insurance policy; (2) the insurer is liable for the claim; and (3) the insurer failed to comply with one or more sections of the Act with respect to that claim. *United Nat'l Ins. Co. v. AMJ Invs., LLC*, 447 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd). Even if Conlee's exhibits could be considered, they do not

raise a fact issue as to whether ASI was liable for the claim or violated any of the statutory deadlines. Her interest calculation appears to calculate interest from the date she initially filed her claim, but it is not evidence that ASI was required to pay her claim on that date and therefore delayed payment.

Conlee heavily relies on the Texas Supreme Court's opinion in *Barbara Technologies Corp. v. State Farm Lloyds*, in which the Court said that an insurer's "payment in accordance with an appraisal is neither an acknowledgment of liability nor a determination of liability under the policy for purposes of TPPCA damages under section 542.060." 589 S.W.3d 806, 820 (Tex. 2019). Conlee argues that because ASI's payment of the appraisal award did not acknowledge or establish liability under the TPPCA, there is a fact issue as to ASI's liability, so we should remand this case to the trial court for further proceedings. However, the parties in *Barbara Tech* both filed traditional motions for summary judgment, and the Court only held that neither party established its position as a matter of law. *Id.* at 827–28. Here, ASI filed a no-evidence summary-judgment motion, and it was Conlee's burden to produce evidence raising a fact issue as to ASI's liability. *See Wal-Mart Stores*, 663 S.W.3d at 576. She did not do so.

Lastly, Conlee alleged two claims based on ASI's alleged misrepresentations: fraud and conspiracy. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (listing elements of fraud claim); *Henkel v. Emjo*

*Invs., Ltd.*, 480 S.W.3d 1, 7 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (listing elements of civil conspiracy); *Gonzales v. Am. Title Co. of Houston*, 104 S.W.3d 588, 594 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (explaining that civil conspiracy is derivative action based on underlying tort and claim necessarily fails when there is no evidence of underlying tort). However, Conlee's exhibits, even if they could be considered, do not provide any evidence that ASI made a material misrepresentation, which is a necessary element of a fraud claim. *See Orca Assets*, 546 S.W.3d at 653. Nor do they provide any evidence that ASI committed an underlying tort or identify any co-conspirators, which are necessary to establish a civil-conspiracy claim. *See Henkel*, 480 S.W.3d at 7; *Gonzales*, 104 S.W.3d at 594.

Conlee has not met her burden to show that the trial court abused its discretion in striking her exhibits or that the exclusion of the exhibits probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1); *Chandler*, 376 S.W.3d at 824. Therefore, Conlee has not shown error that would entitle her to reversal. *See* TEX. R. APP. P. 44.1(a)(1). We overrule Conlee's third issue challenging the trial court's evidentiary rulings.

## No-Evidence Summary Judgment

The disposition of Conlee's third issue also determines the disposition of Conlee's first and second issues claiming the trial court erred in granting summary judgment because material fact issues exist. ASI moved for no-evidence summary

13

judgment, and Conlee did not meet her burden to produce summary-judgment evidence raising a fact issue on any of her claims because, after the trial court properly struck her exhibits, she produced no evidence at all. *See Wal-Mart Stores*, 663 S.W.3d at 576 (stating nonmovant has burden to produce summary-judgment evidence raising genuine issue of material fact to defeat no-evidence summary-judgment motion). Therefore, we conclude the trial court did not err in granting summary judgment for ASI. *See* TEX. R. CIV. P. 166a(i) (stating trial court must grant no-evidence summary judgment if nonmovant does not meet burden); *see also Davila v. Tex. Mut. Ins. Co.*, No. 03-19-00366-CV, 2020 WL 1174190, at *3 (Tex. App.—Austin Mar. 12, 2020, no pet.) (mem. op.) (affirming trial court's ruling striking nonmovant's summary-judgment evidence and affirming trial court's granting of no-evidence summary-judgment motion because nonmovant did not produce evidence). We therefore overrule Conlee's first and second issues.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

14